E-FILED
Friday, 18 March, 2022  11:45:53 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RUSSELL CLEMENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 21-1367-MMM |
| | ) | |
| RONDA GUYTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MERIT REVIEW ORDER – AMENDED COMPLAINT</u>

Plaintiff, proceeding *pro se* and detained at the Peoria County Jail ("Jail"), pursues an action under 42 U.S.C. § 1983 for claims of deliberate indifference to a serious medical need and unconstitutional conditions of confinement. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Plaintiff's Amended Complaint (ECF No. 7), the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## ALLEGATIONS

### <u>Conditions at Peoria County Jail</u>

Plaintiff complains about the living conditions at the Jail. He alleges the ventilation system leaks and contains dust, dead human skin, deadly bacteria, rust, and mold, which puts him at risk

1

for respiratory illnesses. He also claims that spiders live inside the ventilation system and that he and other inmates have been bitten.

He alleges the shower area contains mold and insects, the shower heads are loose and could injure inmates, and the drains clog, which causes flooding and exposes Plaintiff's feet to deadly bacteria. Finally, he complains that the toilets and "water buttons" leak and flood the cells.

**Plaintiff's Slip-and-Fall**

Due to a flood near the ventilation system area, Plaintiff slipped and fell down the stairway of the SP-3 POD. On October 9, 2021, Plaintiff was seen by nurse Ashely Jones, who examined his swollen right elbow and spider bite. Plaintiff was sent to the hospital due to his injuries and prescribed medication. He returned to the Jail on October 12, 2021.

On October 13, 2021, he was seen by Jana Huston, a nurse practitioner. She did not do an X-ray to check if he had broken ribs or provide medical treatment for the spider bite.

On October 20, 2021, Plaintiff was seen by a nurse for a sick call to check his spider bite and elbow, which had developed a hard knot. Plaintiff did not receive any medical treatment or assistance.

When Plaintiff saw Jana Huston again on October 27, 2021, he told her about his spider bite and complained his rib cage hurt so badly that it was painful to take deep breaths. Plaintiff alleges that Ms. Huston failed to provide proper medical assistance for his injuries.

On November 26, 2021, Plaintiff was seen by nurse Hannah Copeland for a medical sick call. Plaintiff had received another spider bite on his right middle knuckle.

**Flood in the Dayroom**

On October 24, 2021, Plaintiff informed Maddalozzo, an employee at the Jail, that the ventilation system in the dayroom was leaking and causing a flood. Maddalozzo refused to supply

proper cleaning equipment to clean up the flood. The ventilation system continued leaking throughout the day due to the weather conditions and caused a "dramatic flood." Later that day, Plaintiff states that Shubert, another employee at the Jail, knew about the flood but did not provide proper cleaning equipment to the inmates.

On November 9, 2021, employees Maddalozzo, Hosea, and Pompa observed the flooding in the dayroom after multiple grievances were filed. Plaintiff also showed them the moldy shower walls and the clogged drains. They failed to provide any solutions to remedy the conditions.

On November 11, 2021, Riegelien, an employee assigned to SP-3 POD, observed the flooding caused by the leaking ventilation system and failed to provide proper cleaning equipment.

## ANALYSIS

Based on the Court's review, it appears Plaintiff has attempted to raise a claim for (1) deliberate indifference to a serious medical need against Defendant Jana Huston and (2) a conditions of confinement claim against Defendants Riegelien, Pompa, Shubert, Maddalozzo, and Hosea based on the leaking ventilation system, flooded dayroom, and shower area.

As Plaintiff was a pretrial detainee during the events at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishments Clause of the Eighth Amendment, and are subject only to an objective unreasonableness standard. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). Under this standard, Plaintiff must plead: "(1) the conditions in question are or were objectively serious (or if the claim is for inadequate medical care, his medical condition is or was objectively serious); (2) the defendant acted purposefully, knowingly, or recklessly with respect to the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, 'not rationally related to a legitimate

governmental objective or ... excessive in relation to that purpose.'" *Hardeman*, 933 F.3d at 827 (Sykes, J., concurring) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397, 135 S. Ct. 2466, 2473–74 (2015)). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda*, 900 F.3d at 352.

The Court finds that Plaintiff states a colorable deliberate indifference claim against Defendant Jana Huston based on his allegations about the medical treatment he was provided, or the alleged lack thereof, after his slip-and-fall injury. He also states a Fourteenth Amendment conditions of confinement claim against Riegelien, Pompa, Shubert, Maddalozzo, and Hosea; however, his claim is limited to the flooding in the dayroom caused by the leaking ventilation system and the conditions in the shower area. Although the alleged condition of the ventilation system is unpleasant, Plaintiff does not state that he informed them about it or allege that they were responsible for cleaning and maintaining the system. Plaintiff also claims that the toilets and "water buttons" in the cells leaked, but he does not state that he was unable to flush his toilet, that his cell flooded, or that the Defendants knew about these issues.

While Plaintiff names Ronda Guyton, the Correctional Superintendent, he does not claim that Guyton was present or participated in any of the alleged events. Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Ronda Guyton DISMISSED.

The Court notes that Plaintiff has indicated that, although there was a grievance procedure at the Jail, he did not exhaust his administrative remedies. (ECF No. 7 at 5). It is recognized that the failure to exhaust is "an affirmative defense that ordinarily should be raised—and must be

4

proven—by the defendant. A district court may dismiss a complaint where 'the existence of a valid affirmative defense, such as the failure to exhaust, is so plain from the face of the complaint that the suit can be regarded as frivolous…But the defense must be unmistakable…'" *Boyce v. Illinois Dept. of Corrections*, 661 Fed.Appx. 441, 443 (7th Cir. 2016) (internal citations omitted). Plaintiff states that he wrote "multiple general requests" to Ronda Guyton, but he "failed to exhaust remedies general request number '266299.'" *Id*. At this juncture, a dismissal would be premature because it is not clear from the face of the Complaint if he failed to exhaust his administrative remedies.

**IT IS THEREFORE ORDERED:**

1)      According to the Court's Merit Review of Plaintiff's amended complaint under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with a deliberate indifference claim against Defendant Jana Huston and a conditions of confinement claim against Defendants Riegelien, Pompa, Shubert, Maddalozzo, and Hosea. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2)      Defendant Ronda Guyton is DISMISSED. The Clerk is directed to terminate Ronda Guyton as a party.

3)      The Clerk is directed to attempt service on Defendants pursuant to the standard procedures.

4)      This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and

responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)     Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)     Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)     If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)     Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

13)     The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/18/2022

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge